IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS PINSON and CRISTI PINSON,
Individually and as Husband and Wife                                                    PLAINTIFFS

v.                                      Case No. 2:12-CV-02160

45 DEVELOPMENT, LLC; JEFF PALMER;
JOHN ALFORD; CITI TRENDS, INC.; CITI
TRENDS, INC. d/b/a CITITRENDS; CITITRENDS
DEVELOPMENT COMPANY, LLC; CITITRENDS
GROWTH COMPANY, LLC; and JOHN DOES 1-5                                 DEFENDANTS

## ORDER

The Court, having preliminarily reviewed Plaintiffs' Complaint (Doc. 1), now raises *sua sponte*, the issue of whether this Court has subject matter jurisdiction over the instant matter. Subject matter jurisdiction and the issue of this Court's authority to hear this action may be raised at any time. Fed. R. Civ. P. 12(h)(3).

As a court of limited jurisdiction, a federal court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (noting court's "obligation and duty to carefully consider the pleadings...to determine whether subject matter jurisdiction exists"). As the party invoking the Court's jurisdiction, it is Plaintiffs' burden to properly plead the existence of diversity jurisdiction. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Parties seeking to invoke federal jurisdiction have long assumed the burden

of investigating the citizenship of the parties involved. *Id.* Plaintiffs' burden of pleading requires them to plead "with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

In the section of the Complaint captioned "Parties," Plaintiffs assert that they are both citizens and residents of the state of Texas. (Doc. 1, ¶¶ 1-2). As to Defendants, Plaintiffs allege that 45 Development, LLC is an Arkansas limited liability company; Jeff Palmer and John Alford are both residents of Arkansas; Citi Trends, Inc. is a Delaware Corporation; and both Cititrends Development Company, LLC and Cititrends Growth Company, LLC are Delaware limited liability companies. *Id.* at ¶¶ 3-11. The Complaint then alleges, in the section captioned "Jurisdiction and Venue," that jurisdiction in this Court is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs' pleadings are insufficient to properly allege diversity jurisdiction. First, for purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and of the State or foreign state where it has its principal place of business . . .*" 28 U.S.C. § 1332 (c) (emphasis added). "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Sanders*, 823 F.2d at 216 (internal quotation omitted). The citizenship of unincorporated business entities must likewise be established according to applicable legal principles – for instance, an LLC's citizenship is the citizenship of each of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Second, as to Plaintiffs' allegations regarding individual defendants Jeff Palmer and John Alford, an allegation of mere residence is not sufficient to establish citizenship. *See Sanders*, 823

F.2d at 216 (differentiating between an allegation of residency and an allegation of citizenship and emphasizing that "[d]iversity jurisdiction requires that the parties be *citizens* of different states" (emphasis in original) (internal quotation omitted)).  The state where a person resides is not necessarily that person's domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Rather, citizenship for diversity purposes must be determined by a person's physical presence in a state with his or her intent to remain there indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).  Plaintiffs must affirmatively plead the *citizenship* of any individual defendants.

Because Plaintiffs have failed to properly allege Defendants' citizenship, the Court cannot discern, from Plaintiffs' Complaint, whether the Court may properly exercise diversity jurisdiction in this case.  Nor does it appear that Plaintiffs are claiming that the Court could otherwise exercise jurisdiction in this case due to the existence of a federal question.

The Court therefore directs Plaintiffs to file an amended complaint properly alleging facts establishing the citizenship of Defendants <u>at the time of the filing of the Complaint</u>. Plaintiffs are directed to file such amended complaint on or before <u>Monday, July 30, 2012</u>.  If Plaintiffs fail to properly and timely file an amended complaint, **the Court WILL dismiss this action without prejudice for lack of subject matter jurisdiction**.

IT IS SO ORDERED this 23rd day of July, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE