# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

**CURTIS PINSON and CRISTI PINSON,**
**Individually and as Husband and Wife,**                                          **PLAINTIFFS,**

**vs.**                            **CASE NO.: 12-cv-2160-PKH**

**45 DEVELOPMENT, LLC,**
**JEFF PALMER, Individually,**
**JOHN ALFORD, Individually,**
**CITI TRENDS, INC.,**
**CITI TRENDS, INC. d/b/a CITITRENDS,**
**CITITRENDS DEVELOPMENT COMPANY, LLC,**
**CITITRENDS GROWTH COMPANY, LLC, and**
**JOHN DOES No. 1 thru 5,**                                          **DEFENDANTS.**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT AT LAW FOR DAMAGES, PETITION IN EQUITY FOR SETTING ASIDE THE CORPORATE FORM, AND PETITIONS FOR DECLARING VARIOUS ACTS OF THE ARKANSAS GENERAL ASSEMBLY UNCONSTITUTIONAL

COME NOW the Plaintiffs, CURTIS PINSON and his wife, CRISTI PINSON, by and

through their attorneys, George H. Niblock, Raymond L. Niblock, and Roxanne D. Blake, all of

The Niblock Law Firm, PLC, and for this *FIRST AMENDED AND SUBSTITUTED*

*COMPLAINT* against the Defendants, 45 DEVELOPMENT, LLC, CITI TRENDS, INC., CITI

TRENDS INC d/a/b CITITRENDS, CITITRENDS DEVELOPMENT COMPANY, LLC,

---

*Plaintiffs' First Amended*
*and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 1

CITITRENDS GROWTH COMPANY, LLC, and JOHN DOES Nos. 1 through 5, state and allege the following:

## PARTIES

### Plaintiffs

1.  At the time of the filing of this complaint, Plaintiff CURTIS PINSON (hereinafter "CURTIS PINSON") *was domiciled in, and a citizen and resident of Paradise, Wise County, Texas*.

2.  At the time of the filing of this complaint, Plaintiff CRISTI PINSON (hereinafter "CRISTI PINSON") *was domiciled in, and a citizen and resident of Paradise, Wise County, Texas.*

### Defendants

3.  At the time of the filing of this complaint, Separate Defendant, 45 DEVELOPMENT, LLC (hereinafter "45 DEVELOPMENT") was an Arkansas Domestic Limited Liability Company in good standing, doing business in Sebastian County, State of Arkansas.   As of the time of the filing of this complaint, 45 DEVELOPMENT not only is lawfully incorporated in, and doing business in, the State of Arkansas, but it *maintains its principal place of business* in the State of Arkansas.   A copy of the information maintained by the Secretary of State for the State of Arkansas is attached hereto as **Exhibit A**.  45 DEVELOPMENT is, therefore, a "Citizen" of Arkansas for purposes of determining Diversity Jurisdiction.

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 2

4.    45 DEVELOPMENT's Registered Agent for Service of Process is John D. Alford, 6301 Cliff Drive, Fort Smith, Arkansas  72903.

5.    At the time of the filing of this complaint, Separate Defendant JEFF PALMER is an individual who is a resident of, and *domiciled* in, Sebastian County, Arkansas, and is, therefore, subject to service of process within this federal district.  Because Mr. Palmer maintains his domicile in Arkansas and did so at the time of the filing of this complaint, he is, therefore, a "Citizen" of Arkansas for purposes of determining Diversity Jurisdiction.

6.    At the time of the filing of this complaint, Separate Defendant JOHN ALFORD is an individual who is a resident of, and *domiciled* in, Sebastian County, Arkansas, and is, therefore, subject to service of process within this federal district. Because Mr. Alford maintains his domicile in Arkansas and did so at the time of the filing of this complaint, he is, therefore, a "Citizen" of Arkansas for purposes of determining Diversity Jurisdiction.

7.    Separate Defendant CITI TRENDS, INC. is a Delaware Corporation lawfully registered and doing business in Arkansas as CITI TRENDS, INC. d/b/a CITI TRENDS.  A copy of the information maintained by Arkansas Secretary of State is attached hereto as **Exhibit B**, and a copy of information from the Delaware Department of State, Corporations Division, is attached hereto as **Exhibit C**.

8.    CITI TRENDS is not only a Citizen of the State of Delaware by virtue of being incorporated there, but is also a Citizen of the State of Georgia as it maintains its

---

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 3

*principal place of business* and executive offices in the State of Georgia. Therefore, CITI TRENDS, INC. is a "Citizen" of both states of Delaware and Georgia for purposes of determining Diversity of Citizenship.

9.      In its home state, the Registered Agent for CITI TRENDS, INC. is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.     In Arkansas, CITI TRENDS, INC. may be served with process to its Registered Agent, The Corporation Company, 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

11.     CITI TRENDS owns and operates over 500 corporate owned retail clothing stores nationwide, one of which is the store at issue in this lawsuit located in Fort Smith, Sebastian County, Arkansas. Since the local store is a corporate owned and operated retail outlet, the Parent Corporation (CITI TRENDS, INC.) should be held vicariously liable for the acts of its corporate owned stores, subsidiary corporations, companies, agents and employees.

12.     Furthermore, the plaintiffs also make as party defendants the following entities:

   a.   CITITRENDS DEVELOPMENT COMPANY, LLC. (hereinafter "CITITRENDS DEVELOPMENT) is a *Delaware Limited Liability Company*. See **Exhibit D**. It maintains its *corporate headquarters and principal place of business in Savannah, Georgia*. Therefore, CITITRENDS DEVELOPMENT is a *Corporate Citizen* of both Delaware and Georgia.

*Plaintiffs' First Amended*
*and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 4

b. Its Registered Agent for service of process in Delaware is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

c. CITITRENDS GROWTH COMPANY, LLC (hereinafter "CITITRENDS GROWTH") is a Delaware Limited Liability Company. See **Exhibit E**. Therefore, CITITRENDS GROWTH is a *Corporate Citizen of the State of Delaware.*

d. Its Registered Agent for service of process is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

*John Doe Defendants*

13. The identity of the Separate Defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4 and JOHN DOE 5 are unknown at the present time. In accordance with A.C.A. §16-56-125 attached to this Complaint at Law and filed with this Complaint at Law is the affidavit of Plaintiff's attorney, Raymond L. Niblock, stating the identity of the Separate Defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4 and JOHN DOE 5 is unknown. See **Exhibit F**.

## JURISDICTION AND VENUE

14. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

15. There is complete diversity of citizenship between the plaintiffs and all of the defendants. None of the plaintiffs are from the same state as any of the defendants. See *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005).

---

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 5

16.   Therefore, this Court has jurisdiction over the parties and the subject matter herein pursuant to 28 U.S.C.A. §1332.

17.   The personal injuries, acts, negligence, breach and omissions complained of and set forth in this Complaint at Law occurred in Fort Smith, Sebastian County, Arkansas located in the Western District of Arkansas.

18.   Venue is proper according to 28 U.S.C.A. §1391.

## VICARIOUS LIABILITY

19.   Upon information and belief, JEFF PALMER, (hereinafter "PALMER") and JOHN ALFORD (hereinafter "ALFORD") were agents, employees, or shareholders of 45 DEVELOPMENT acting within the scope of their respective employment at the times complained of herein.

20.   Therefore, any action or inaction alleged on the part of PALMER or ALFORD should be ascribed to 45 DEVELOPMENT by virtue of vicarious liability of the master for the acts of its servants and pursuant to the common law doctrine of *respondeat superior*.

## ENTERPRISE LIABILITY AMONG CORPORATE DEFENDANTS

21.   On information and belief, CITI TRENDS, INC is the parent corporation that oversees the operations of its retail stores nationwide including CITI TRENDS, INC. d/b/a CITI TRENDS, located in Arkansas.  On information and believe, CITI TRENDS, INC., the Delaware entity, is the head office and part of a larger enterprise that partially or wholly owns and controls CITITRENDS DEVELOPMENT COMPANY, LLC. and CITITRENDS GROWTH COMPANY, LLC.  As such, any actions of their respective

*Plaintiffs' First Amended*
*and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 6

subsidiary corporations, their respective employees, or any of the actions or inactions of the various CITI TRENDS entities, or any of the businesses operating under the various fictitious names of the CITI TRENDS entities should be ascribed to CITI TRENDS by way of the alternative theories of vicarious liability of a master for the acts of its servant, *respondeat superior*, and/or enterprise liability of a parent corporation and its subsidiaries.

## STATEMENT OF FACTS

*What Happened: The Plaintiff Fell Through a Sheet Metal "Floor"*

22.     The plaintiff incorporates the foregoing paragraphs as if each one were fully restated herein, word for word.

23.     CURTIS PINSON was catastrophically injured when he fell through a roof at the defendants' job-site on February 21, 2011.  At that time he was employed by Anchor Sign Company (hereinafter referred to as "Anchor") as a master sign electrician.

24.     The following are examples of the visible results of the injury (Figures 1 – 4):

*Plaintiffs' First Amended
and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 7

**Figure 1 - Post Injury Photo of Plaintiff's Right Foot**



*Plaintiffs' First Amended
and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 8

**Figure 2 - X-Ray Photo Showing Internal Hardware**



*Plaintiffs' First Amended
and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 9

**Figure 3 - Visible Result of Injury**



*Plaintiffs' First Amended*
*and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 10

**Figure 4 - Visible Results of Injury, Pain and Suffering**



*Plaintiffs' First Amended*
*and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 11

25.     The location where CURTIS PINSON fell is 4900 101B, Rogers, Sebastian County, Arkansas, known as the "Quarry Shopping Center." Figure 2 is an aerial photo:

**Figure 5 - Aerial Photo of Quarry Shopping Center**



26.     Separate Defendant 45 DEVELOPMENT was the owner of the Quarry Shopping Center at all times relevant to this complaint, acting as the prime contractor for building out leased space for potential tenants at the shopping center.

27.     At the time when CUTRIS PINSON fell, Separate Defendant CITITRENDS was a lessee of commercial retail space at The Quarry Shopping Center from 45 DEVELOPMENT, the lessor and owner.

28.     45 DEVELOPMENT, along with CITI TRENDS, was building-out leased space for CITI TRENDS to lease and occupy for retail sales.

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 12

29.    As part of the build-out and with the approval and foreknowledge of 45 DEVELOPMENT, CITITRENDS engaged a company called Brandrite, also known as "Plain or Fancy Sign Company," by contract to supply and install a lighted sign with the "Cititrends" logo for the leased space.   In turn, Brandrite contracted separately with Anchor for the actual installation of the electric signage for CITI TRENDS.

30.    As such, Separate Defendants, 45 DEVELOPMENT and CITI TRENDS were acting as prime and general contractors in concert with each other regarding the installation of the lighted sign.  A photo of the subject sign is featured below as Figure .

31.    In addition to the foregoing named Separate Defendants, JEFF PALMER and JOHN ALFORD were shareholders, operators, and owners of 45 DEVELOPMENT who exercised direct possession, actual control, and right of control over the CITITRENDS construction build-out project.

32.     As indicated above, on or about February 21, 2011, CURTIS PINSON, a master sign electrician, arrived at the project site to install the CITITRENDS sign.

33.    When he arrived, CURTIS PINSON noted that there was no access panel to the electrical outlet to power the sign, so he attempted to locate the onsite general contractor or electrician who was not present that day.   When he wasn't able to find the onsite supervisor or any representative of the Separate Defendants, he went up on the roof of the building to see if he could gain access safely in order to install the sign.  Unfortunately, at no time did CURTIS PINSON see any crawl space or access panel to make it easy to reach the electrical connections for the sign, so he had to fashion his own access.

*Plaintiffs' First Amended
and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 13

34.     CURTIS PINSON took a ladder and climbed down to get close enough to the electrical panel to install the sign which he did successfully.   After completing the installation, CURTIS PINSON began to exit the area through the way he entered, which included a surface covered with sheet metal which looked like a floor.   Photos of the site where he entered/fell are including in the following figures (6 – 8):

**Figure 6 - Storefront View**



*Plaintiffs' First Amended
and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 14

Figure 7 - Storefront View, Fallen Siding



Figure 8 - Closer View of Fall Site



*Plaintiffs' First Amended
and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 15

35.    However, when he started ascending back to the roof, CURTIS PINSON's ladder wobbled and he instinctively arrested himself by stepping back down to avoid falling.  When he did so, he stepped on the sheet metal surface which was not supported from underneath.  The sheet metal gave way, and he fell through the roof and landed on his feet causing crushing injuries to his elbow, hip and right foot.

36.    He was immediately transported by ambulance to a hospital in Fort Smith, Arkansas.

37.    Since that time, CURTIS PINSON has under gone at least 6 surgeries to his right foot, has been, and remains, permanently impaired due to this injury and is likely to suffer a 4-6 inch above-the-ankle amputation.

38.    At the current time and since this injury occurred, he suffers and has suffered, chronic and severe pain which he treats with prescription narcotic pain medication.  The medication, however, has been progressively ineffective in controlling his pain, and the side-effects of the medication make it impossible for him to fulfill the requirements of any job because of dizziness, drowsiness, disorientation, and nausea.  If there were work available for such a person as Mr. Pinson, it would require special accommodations such as flexible hours, the ability to take unscheduled breaks, and other restrictions that would make it unreasonable for him to compete in the job market due to pain or the side effects of pain medication.

39.    In addition to the likely amputation of his right foot and the permanent injury he has sustained to his right foot, as stated above, he suffers and continues to suffer severe pain, phantom pain, and chronic pain that makes it impossible for him to continue working at any job even with the aid of analgesic medication.

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 16

*Why It Happened:*    *The Defendants did not have a Code-Compliant Access to the*

                                     *Electrical Panel for the Sign.*

40.    The premises owned by Separate Defendants 45 DEVELOPMENT, JEFF PALMER and JOHN ALFORD did not have an access panel as required by OSHA, NESC 2007, NEC 2008 and the International Builders Code (IBC 2009) to provide safe access to the electrical outlet in order to complete his job duties.

41.    Without an OSHA-compliant access panel, CURTIS PINSON had no other choice but to create access for himself from on top of the roof with a ladder to drop down roughly 12-14 feet into the space by the electrical outlet so he could connect the sign to the power outlet. The absence of an OSHA-compliant access panel therefore created an unreasonably dangerous and hazardous condition on the premises.

## CLAIMS AT LAW FOR DAMAGES

## UNDER THE LAWS OF ARKANSAS

*COUNT I*

*45 DEVELOPMENT, PALMER, and ALFORD*

*ULTRAHARZARDOUS CONDITIONS, ABSOLUTE LIABILITY*

42.    The plaintiff incorporates the foregoing paragraphs as if each one were fully restated herein, word for word.

43.    The absence of code-compliant access to the electrical panel in question presented an unreasonably dangerous risk of falling through a false floor to the ground below.

---

*Plaintiffs' First Amended*
*and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 17

44.   There was no access to the panel provided.  Coupling this fact with the plaintiff's duty to install the sign, the defendants, jointly and severally, should be held absolutely liable in tort to CURTIS PINSON for the damages he sustained that were proximately caused by the absence of applicable code-compliant access to the electrical panel.

45.   The risk of harm to its employees and subcontractors, and more particularly CURTIS PINSON was vast in comparison to the slight expense or inconvenience to Defendants 45 Development, Jeff Palmer and John Alford in remedying the unsafe condition and otherwise complying with applicable standards of conduct and regulations in force at the time.

## COUNT II

## 45 DEVELOPMENT, PALMER, and ALFORD

## NEGLIGENCE – BREACH OF CONTRACTOR STANDARD OF CARE

46.   The plaintiff incorporates the foregoing paragraphs as if each one were fully restated herein, word for word.

47.   CURTIS PINSON states that the damage to his person was due to the carelessness and negligent acts and omissions on part of the Separate Defendants 45 Development, Jeff Palmer and John Alford.

48.   Separate Defendants 45 Development with shareholders Jeff Palmer and John Alford own the property located at 4900 101B Rogers Avenue, Fort Smith, Arkansas, which at the present time is Cititrends.

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 18

49.   That Separate Defendants 45 Development *et al* contracted to lease the above space to Cititrends to operate a business.

50.   That Separate Defendant 45 Development, Jeff Palmer and John Alford, knew or should have known, that Cititrends would subcontract work for the premises, and additionally, that Cititrends would install their logo sign on the front of the building.

51.   That Separate Defendants 45 Development, Jeff Palmer and John Alford knew or should have known that Cititrends would subcontract work to another company to have the sign installed and that these employees would need access to the electrical panel to properly install the sign.

52.   That Separate Defendants 45 Development, Jeff Palmer and John Alford knew or should have known that an electrical access panel did not exist to provide safe and appropriate access to the electrical component required to install the Cititrends sign.

53.   That 45 Development, Jeff Palmer and John Alford had a duty to make sure that the said premises were code compliant and reasonably a safe place to work and to exercise due care for CURTIS PINSON's safety and others who may occasion the site.

54.   That Separate Defendants 45 Development, Jeff Palmer and John Alford, negligently and carelessly violated the non-delegable duty to see that the work performed by its subcontractor including but not limited to, Cititrends, was done with the requisite degree of care, safety and skill.

55.   That Separate Defendants 45 Development, Jeff Palmer and John Alford, negligently and carelessly failed to exercise the control it retained over its subcontractors including, but

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 19

not limited to, Cititrends, by failing to implement or enforce reasonable and safe precautions and procedures to insure the safety of those in the position of CURTIS PINSON, whose work needed access to the electrical panel to install the sign.

56.     That Separate Defendants 45 Development, Jeff Palmer and John Alford were operating and maintaining the premises in clear code violation of OSHA Regulations, National Electrical Code 2008, The National Electrical Safety Code of 2007, and the International Business Code 2009.

57.     That Separate Defendants 45 Development, Jeff Palmer and John Alford, negligently and carelessly placed CURTIS PINSON in a position of unreasonable danger and risk of injury contrary to the customs, practices, and standards within the electrical sign installation industry.

58.     That Separate Defendants 45 Development, Jeff Palmer and John Alford, negligently and carelessly acquiesced in the negligent and careless methods of work performed by its subcontractors including, but not limited to, Cititrends.

59.     That Separate Defendants 45 Development, Jeff Palmer and John Alford, negligently and carelessly breached its own precautionary duty.

60.     That Separate Defendants, 45 Development, Jeff Palmer and John Alford, in addition to being liable for its negligent and careless acts and omissions, is vicariously liable for the acts, negligence and omissions enumerated above of its subcontractor, Cititrends.

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 20

61.     As a result of the negligence of Defendants 45 Development, Palmer, and Alford, and evident violations of the standards of care owed to the plaintiff, the plaintiff suffered damages as a proximate result of those breaches and failures.

*COUNT III*

*45 DEVELOPMENT, PALMER, and ALFORD*

*NEGLIGENCE - VIOLATION OF THE NATIONAL ELECTRICAL SAFETY CODE of 2007*

62.     The plaintiff incorporates the foregoing paragraphs as if each one were fully restated herein, word for word.

63.     The failure to have safe access to the electrical panel at issue in this case is a violation of the National Electrical Safety Code of 2007 (hereinafter "NESC").

64.     The National Electrical Safety Code of 2007 was in effect at the time this injury occurred.

65.     The State of Arkansas has adopted the construction standards set forth in the NESC, and violation of the NESC is evidence of negligence.

66.     A contractor, therefore, has an affirmative duty to comply with the NESC as adopted by the State.

67.     As a foreseeable and proximate cause of the defendants' failure to meet the requirements of the NESC, the plaintiff was injured and is entitled to general, special, and punitive damages.

*Plaintiffs' First Amended
and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC

324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 21

*COUNT IV*

*45 DEVELOPMENT, PALMER, and ALFORD*

*NEGLIGENCE - VIOLATION OF THE NATIONAL ELECTIRCAL CODE OF 2008*

68.    The plaintiff incorporates the foregoing paragraphs as if each one were fully restated herein, word for word.

69.    The failure to have safe access to the electrical panel at issue in this case is a violation of the National Electrical Code of 2008 (hereinafter "NEC").

70.    The National Electrical Code of 2008 was in effect at the time this injury occurred.

71.    The City of Fort Smith, Arkansas, relies on the NEC as the standard of care to which the local building codes are measured.

72.    A violation of the NEC is evidence of negligence.

73.    A contractor therefore has an affirmative duty to comply with the NEC as adopted by the State.

74.    As a foreseeable and proximate cause of the defendants' failure to meet the requirements of the NESC, the plaintiff was injured and is entitled to general, special, and punitive damages.

*COUNT V*

*45 DEVELOPMENT, PALMER, and ALFORD*

*NEGLIGENCE - VIOLATION OF THE INTERNATIONAL BUILDERS CODE 2009*

75.    The plaintiff incorporates the foregoing paragraphs as if each one were fully restated herein, word for word.

---

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 22

76.  The failure to have safe access to the electrical panel at issue in this case is a violation of the International Builders Code of 2009 (hereinafter "IBC").

77.  The International Builders Code of 2009 was in effect at the time this injury occurred.

78.  The City of Fort Smith, Arkansas, relies on the IBC as the standard of care to which the local building codes are measured.

79.  A violation of the IBC is evidence of negligence.

80.  A contractor therefore has an affirmative duty to comply with the IBC as adopted by the relevant governmental entities with jurisdiction over the matter of safety, and at the very least, the IBC as well as the other standards mentioned herein are a de facto statement of the standard of care owed the plaintiff..

81.  As a foreseeable and proximate cause of the defendants' failure to meet the requirements of the IBC, the plaintiff was injured and is entitled to general, special, and punitive damages.

*COUNT VI*

*45 DEVELOPMENT, PALMER, and ALFORD*

*NEGLIGENCE - VIOLATION OF THE OSHA STANDARDS*

82.  The plaintiff incorporates the foregoing paragraphs as if each one were fully restated herein, word for word.

83.  The worksite in question, and, in particular, the access to the lighted sign, failed to meet various Occupational Safety and Health Administration Standards (hereinafter "OSHA") that were in force at the time of the injuries complained of herein.

---

*Plaintiffs' First Amended*
*and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS 72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

84.   The plaintiffs allege the various OSHA violations as evidence of negligence including, but not limited to, the following:

a.    Violation of OSHA Standard 1926.403(i)(1) which states:

*Working space about electric equipment.* **Sufficient access** *and working space shall be provided and maintained about all electric equipment to* **permit ready and safe operation and maintenance** *of such equipment.*

b.    Violation of OSHA Standard 1926.403(i)(1)(i) which states:

*Working clearances. Except as required or permitted elsewhere in this subpart, the* **dimension of the working space** *in the direction of access to live parts operating at 600 volts or less and likely to require examination, adjustment, servicing, or maintenance while alive* **shall not be less than indicated in Table K-1.** *In addition to the dimensions shown in Table K-1, workspace shall not be less than 30 inches (762 mm) wide in front of the electric equipment. Distances shall be measured from the live parts if they are exposed, or from the enclosure front or opening if the live parts are enclosed. Walls constructed of concrete, brick, or tile are considered to be grounded. Working space is not required in back of assemblies such as dead-front switchboards or motor control centers where there are no renewable or adjustable parts such as fuses or switches on the back and where all connections are accessible from locations other than the back.*

c.    Violation of OSHA Standard 1926.403(i)(1)(iii) which states:

**Access and entrance to working space.** *At least one entrance shall be provided to give access to the working space about electric equipment.*

85.   Access to the junction box to connect the power to the sign does not comply with 1926.403(i) because access was not incorporated into the build-out design leaving an unreasonable fall risk to anyone who would need to access the junction box for installation, repair, or disconnect.

*Plaintiffs' First Amended and Substituted Complaint*

THE NIBLOCK LAW FIRM, PLC
324 N. COLLEGE AVE.
FAYETTEVILLE, ARKANSAS  72701
479-521-5510 (voice)
479-444-7608 (facsimile)
www.niblocklawfirm.com

Page 24