IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS PINSON and CRISTI PINSON,
Individually and as Husband and Wife                                          PLAINTIFFS

v.                                         Case No. 2:12-CV-02160

45 DEVELOPMENT, LLC; JEFF PALMER;
JOHN ALFORD; CITI TRENDS, INC.; CITI
TRENDS, INC. d/b/a CITITRENDS; CITITRENDS
DEVELOPMENT COMPANY, LLC; CITITRENDS
GROWTH COMPANY, LLC; and JOHN DOES 1-5                                     DEFENDANTS

CITI TRENDS, INC.                                                    THIRD-PARTY PLAINTIFF

v.

BRANDRITE SIGN COMPANY, INC.                                      THIRD-PARTY DEFENDANT

**ORDER**

Currently before the Court are three motions filed by Plaintiffs Curtis and Cristi Pinson – a Motion for Reconsideration (Doc. 9), a Motion for Discovery to Enter onto Land for Inspection (Doc. 35), and a Motion for Issuance of Initial Scheduling Order (Doc. 37). The Court will address each motion in turn.

**I.      Motion for Reconsideration**

Plaintiffs filed their Complaint (Doc. 1) in this Court on July 19, 2012. On July 23, 2012, the Court issued an Order (Doc. 4) advising Plaintiffs that they had not properly alleged diversity of citizenship such that the Court could ascertain whether their claims were within the Court's subject matter jurisdiction. On July 24, 2012, Plaintiffs filed an Amended Complaint (Doc. 6) with two Supplements (Docs. 7-8) in response to the Court's Order. Plaintiffs now request the Court to

-1-

"reconsider and withdraw its *sua sponte* order concerning subject matter jurisdiction" stating that "Plaintiff [sic] has now amended the Complaint according to the courts [sic] direction." (Doc. 9, p. 1). Plaintiffs then enumerate, in four numbered paragraphs, the ways in which they believe and represent they have complied with the Court's July 23rd Order.

The Court will construe Plaintiffs "Motion for Reconsideration" as a Motion for Relief from an Order under Federal Rule of Civil Procedure 60. Under Rule 60(b), a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). First, it does not appear that Plaintiffs are requesting relief from the Court's Order. Instead, they are representing that they have fully complied with it. Second, the Court will not provide any relief from an Order that directed the Plaintiffs to take appropriate and necessary action. Plaintiffs have shown no reason under Rule 60(b) for why the Court should grant them relief. Plaintiffs' very act of filing an Amended Complaint pursuant to that Order, attempting to properly allege diversity, moots any after-filed Motion for Relief. In effect, Plaintiffs are acknowledging that the Court correctly ordered them to amend, while at the same time presumably arguing that the Order should be reconsidered on the basis of their compliance. The Court cannot follow such logic. The Court finds, therefore, that Plaintiffs' Motion for Reconsideration, as construed as a Motion for Relief, should be DENIED.

Having addressed the Plaintiffs' request for relief in their Motion, the Court now looks to the substance of both Plaintiffs' Motion as well as their Amended Complaint. In reviewing Plaintiffs' Amended Complaint, the Court finds that Plaintiffs have not fully complied with the Court's Order,

and still have not sufficiently alleged diversity, such that this Court remains unable to ascertain whether it may exercise jurisdiction. Plaintiffs continue, however, to allege diversity of the parties and the requisite amount in controversy as the basis for federal jurisdiction in this case. (Doc. 6, ¶¶ 14-16). The Court will address each deficiency in turn.

### A. Citizenship of 45 Development, LLC

In the section of the Amended Complaint captioned "Parties," Plaintiffs assert that Defendant 45 Development LLC ("45 Development") "was an Arkansas Domestic Limited Liability Company." (Doc. 6, ¶ 3). In the very next sentence, Plaintiffs assert that 45 Development is "incorporated in" the State of Arkansas, and emphasize to the Court that "*it maintains its principal place of business in the State of Arkansas.*" *Id.* (emphasis in original). Plaintiffs then summarily conclude that "45 Development is, therefore, a 'Citizen' of Arkansas for purposes of determining Diversity Jurisdition." *Id.* (internal quotes in original). That conclusion does not logically follow from Plaintiffs' contradictory assertions. Either 45 Development is a limited liability company or a corporation. Based on the letters "LLC" after "45 Development" and the Arkansas Secretary of State printout attached to the Amended Complaint (Doc. 8-1), it appears to the Court that 45 Development is an LLC. In any case, Plaintiffs' averments as to the entity's business structure are at logical odds.

Furthermore, if 45 Development is, as it appears, a limited liability company, Plaintiffs have again failed to properly allege its citizenship. As stated in the Court's original Order, "[t]he citizenship of unincorporated business entities must likewise be established according to applicable legal principles – for instance, an LLC's citizenship is the citizenship of each of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)." (Doc. 4, p. 2) (emphasis added). Therefore, in order to properly allege the citizenship of a limited liability company for

diversity purposes, Plaintiffs must allege the citizenship of each member of the LLC. In order to avoid any confusion, Plaintiffs are further advised that they must trace the citizenship of an LLC "down the various organizational layers where necessary." *See Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *see also OnePoint Solutions*, 486 F.3d at 346 (in analyzing diversity jurisdiction, identifying the citizenship of each of the individual corporate members of the LLC plaintiff). To simplify, if 45 Development were to have a member corporation, the citizenship of that member must be properly alleged, such that Plaintiffs would have to allege the state of incorporation and principal place of business for that particular member. If 45 Development were to have a member LLC, Plaintiffs would have to allege the citizenship of each member of that member LLC. If 45 Development is an LLC, its state of formation and principal place of business are irrelevant for purposes of asserting diversity jurisdiction.

      B.      **Citizenship of Cititrends Development Company, LLC**

Plaintiffs' allegations as to the citizenship of Defendant Cititrends Development Company, LLC ("Cititrends Development") suffer from the same deficiencies as their allegations as to 45 Development. Plaintiffs first assert – with emphasis – that Cititrends Development "is a *Delaware Limited Liability Company*" and then that its "*corporate headquarters*" are in Georgia, concluding that it is therefore a "*Corporate Citizen* of both Delaware and Georgia." (Doc. 6, ¶ 12(a)). Again, Plaintiffs' allegation that Cititrends Development is both a limited liability company and also has a corporate headquarters and is a corporate citizen is contradictory. Furthermore, if Cititrends Development is an LLC,[1] its citizenship has not been properly alleged. Plaintiffs must allege the

---

[1] It appears that CitiTrends Development is an LLC based on the printout attached to Plaintiffs' Complaint as Document 8-4.

citizenship of each of its members, as explained *supra*. If Cititrends Development is an LLC, its state of formation and principal place of business are irrelevant for purposes of asserting diversity jurisdiction.

  **C.**  **Citizenship of Cititrends Growth Company, LLC**

Again, Plaintiffs' allegations as to the citizenship of Defendant Cititrends Growth Company, LLC ("Cititrends Growth") suffer from the same deficiencies as their allegations as to 45 Development and Cititrends Development. Plaintiffs "at his [sic] own discretion,"[2] (Doc. 9, ¶ 3) allege that Cititrends Growth is "a Delaware Limited Liability Company" and then simply conclude – again with emphasis – that Cititrends Growth "is a *Corporate Citizen of the State of Delaware.*" (Doc. 6, ¶ 12(c)). Once again, the allegation that Cititrends Growth is both a limited liability

---

[2] Allegations of citizenship are not made at the discretion of the parties invoking the Court's jurisdiction. Rather, as set forth in the Court's previous Order,

> As a court of limited jurisdiction, a federal court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (noting court's "obligation and duty to carefully consider the pleadings...to determine whether subject matter jurisdiction exists"). As the party invoking the Court's jurisdiction, it is Plaintiffs' burden to properly plead the existence of diversity jurisdiction. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Parties seeking to invoke federal jurisdiction have long assumed the burden of investigating the citizenship of the parties involved. *Id.* Plaintiffs' burden of pleading requires them to plead "with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

(Doc. 4, pp. 1-2).

company and a "Corporate Citizen" is contradictory. If Cititrends Growth is an LLC,[3] Plaintiffs must allege the citizenship of each of its members, as explained *supra*, and its state of formation is irrelevant for purposes of asserting diversity jurisdiction. If Cititrends Growth is, in fact, a "Corporate Citizen," Plaintiffs have likewise failed to properly allege its citizenship in that they have not alleged its principal place of business.

### D.   Conclusion as to Citizenship Issues

Because of the deficiencies set forth above, the Court still cannot determine, based on Plaintiffs' Amended Complaint, and contrary to their representations in their "Motion for Reconsideration," whether or not diversity jurisdiction may be properly exercised by the Court in this case.

In its first Order, Plaintiffs were advised that "**the Court WILL dismiss this action**" if they failed to properly establish the citizenship of Defendants by properly and timely filing an amended complaint. (Doc. 4, p. 3) (all emphasis in original). Not only did Plaintiffs fail to properly establish Defendants' citizenship, but they then filed an unnecessary "Motion for Reconsideration," affirmatively representing to the Court that they had, in fact, fully complied. However, in the interests of justice, the Court will allow, direct, and order Plaintiffs to file a supplement to their Amended Complaint properly addressing the deficiencies noted by the Court above.

If Plaintiffs cannot readily ascertain the citizenship of the parties for the purposes of diversity jurisdiction, they should advise the Court of any specific difficulties[4] they may encounter by filing

---

[3] It appears that CitiTrends Growth is an LLC based on the printout attached to Plaintiffs' Complaint as Document 8-5.

[4] The Court recognizes that, in some cases, difficulties may arise in determining the citizenship of a limited liability company due to the fact that member information for LLC's is not

a notice on the record.  The Court will consider, if needed, allowing limited discovery in order to establish the citizenship of the parties for purposes of determining whether the Court may exercise diversity jurisdiction in this case.  Plaintiffs are reminded however, that as the party invoking the Court's jurisdiction, it is Plaintiffs' burden to properly plead the existence of diversity jurisdiction. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).  Plaintiffs must make every effort to shoulder that burden before filing any notice of difficulty.

### II.     Motion for Discovery to Enter onto Land for Inspection

Plaintiffs move the Court to issue "an order permitting the plaintiff [sic] or his [sic] representatives to enter upon the premises" of certain property currently leased by Defendant Cititrends, Inc. from Defendant 45 Development. (Doc. 36, p. 1).  As set forth by Plaintiffs in their Motion for Discovery (Doc. 35, p. 1), Federal Rule of Civil Procedure 34(a)(2) sets out the procedure by which "[a] party may serve *on another party* a *request* . . . to permit entry onto designated land or other property possessed or controlled by the responding party . . ."  The Rule does not provide that a party must, or may, seek a court order before making a request of the party controlling or possessing the property.  Rather, Plaintiffs should follow the procedure set forth in Rule 34 before involving the Court.  If a discovery dispute arises, Plaintiffs may file a Motion to Compel Discovery.  If a Motion to Compel or other discovery-enforcement motion becomes necessary, Plaintiffs are advised to follow the provisions of Local Rule 7.2(g), concerning conferring in good faith to resolve their disagreements, before seeking Court intervention.  The Court finds that Plaintiffs' Motion for Discovery should be denied.

---

a matter of public record in many states, including Arkansas.

**III.     Motion for Issuance of Initial Scheduling Order**

Plaintiffs move "[p]ursuant to Rule 16 of the [F]ederal Fules of Civil Procedure and Rule 16.1 of the Local rules" that the Court issue a scheduling order as soon as practicable. Federal Rule of Civil Procedure 16(b)(2) requires the judge to enter "a scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." The Court is aware of that Rule and intends to abide by it. Generally, the Court finds it most prudent and efficient to wait a reasonable amount of time to give all parties the opportunity to appear or file a responsive pleading before issuing an Initial Scheduling Order. In this case, it does not appear that either a responsive pleading or appearance have been entered on behalf of Defendants Cititrends Growth and Cititrends Development. Nor has a responsive pleading been filed on behalf of 45 Development. Notwithstanding those issues, the Court will enter an Initial Scheduling Order, in accordance with Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 as soon as practicable – as determined by the Court – and within the time limits given. Plaintiffs' Motion for Issuance of Initial Scheduling Order is denied.

**IV.     Conclusion**

For all the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion for Reconsideration (Doc. 9) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Discovery to Enter onto Land for Inspection (Doc. 35) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Issuance of Initial Scheduling Order (Doc. 37) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs file a supplement to their Amended Complaint properly alleging facts establishing the citizenship of Defendants 45 Development, Cititrends Development, and Cititrends Growth, <u>at the time of the filing of the Complaint</u>. Plaintiffs are directed to file such supplement on or before <u>Monday, October 1, 2012</u>. If Plaintiffs fail to **properly** and timely supplement their Amended Complaint, **<u>the Court WILL dismiss this action without prejudice for lack of subject matter jurisdiction</u>**. If Plaintiffs cannot readily ascertain the citizenship of the parties for the purposes of diversity jurisdiction, they should advise the Court of any specific difficulties they may encounter by filing a notice on the record – only after making every attempt to shoulder their burden of pleading. Any such notice MUST be filed on or before Monday, October 1, 2012.

IT IS SO ORDERED this 21st day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE