IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS PINSON and CRISTI PINSON,
Individually and as Husband and Wife                                                    PLAINTIFFS

v.                                            Case No. 2:12-CV-02160

45 DEVELOPMENT, LLC; CITI TRENDS, INC.;
CITI TRENDS, INC. d/b/a CITITRENDS; and
BRANDRITE SIGN COMPANY, INC.                                                       DEFENDANTS

## O R D E R

Currently before the Court are Plaintiffs Curtis and Cristi Pinson's ("the Pinsons") first (Doc. 113) and second (Doc. 143) motions to compel, a supplement to the Pinsons' first motion to compel (Doc. 142), and Defendant Citi Trends, Inc.'s ("Citi Trends") responses to the first motion (Doc. 131), supplement (Doc. 145), and second motion (Doc. 146).

Subsequent to the Pinsons filing their first motion to compel against Citi Trends, Citi Trends filed its response stating that it was "responding to the Plaintiffs' first Interrogatories and Requests for Production and should have those Responses completed within the next week." (Doc. 131). The response did not, however, set forth any reasons for why Citi Trends was late in responding to the Pinsons discovery requests. In their supplement, the Pinsons acknowledge that responses were received from Citi Trends on July 18, 2013, but the Pinsons assert that certain answers were incomplete. Citi Trends filed a response to the supplement, with an attached exhibit, asserting that the responses were not incomplete in the context of counsel's overall formal and informal discovery. The attached exhibit appears to support Citi Trends assertion in that it appears to provide additional explanation for Citi Trends' responses to discovery.

-1-

The Court finds that the Pinsons' first motion to compel should be denied as moot, as Citi Trends has now responded to the Pinsons' discovery requests. It is not entirely clear what relief the Pinsons seek through their supplement, other than compelling production of the addresses of witnesses that have since been deposed. The supplement, instead, appears to simply inform the Court of alleged prejudice suffered by the Pinsons due to Citi Trends' late or incomplete disclosures. The Pinsons also raise issues regarding noticing of the depositions of witnesses identified by Citi Trends and the inability of Citi Trends to produce one of its witnesses to be deposed. Those issues that are not relevant to the motion to compel will not be addressed without a separate motion that sets forth the specific relief, if any, requested. Because it appears that counsel for Citi Trends has explained, at least informally, the reason it did not provide contact information for its witnesses, and because at least two of the witnesses have since been deposed by the parties, the Court finds that the relief requested in the supplement to the Pinsons' motion to compel should be denied at this time.

The Pinsons filed their second motion to compel on July 25, 2013 regarding interrogatories and requests for production of documents served on Citi Trends on June 21, 2013. While the Pinsons asserted that "[d]ue to time constraints" they were "making contemporaneous efforts to meet and confer" while filing the motion to protect their interests, the motion did not include a statement, as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.2(g), that counsel for the Pinsons had conferred in good faith with counsel for Citi Trends. (Doc. 144, p. 2). Citi Trends responded to the Pinsons' second motion on July 26, 2013 stating that "[m]ost all of this information has already been furnished; however, formal answers will be provided in the next two days." (Doc. 146). The Court finds that the Pinsons' second motion to compel should be denied.

Subject to certain exceptions, if a disclosure or requested discovery is provided after a motion

to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  <u>The Pinsons are directed to file an affidavit documenting their fees and expenses incurred in bringing the **first motion to compel only** by August 5, 2013.  Citi Trends will be given 7 days to file any objections</u>.

IT IS FURTHER ORDERED that the Pinsons' first motion to compel (Doc. 113) is DENIED AS MOOT; the relief requested in the Pinsons' supplement to their first motion to compel (Doc. 142) is DENIED; and the Pinsons' second motion to compel is DENIED for failure to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.2(g) and, alternatively, DENIED AS MOOT.

IT IS SO ORDERED this 29th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE