IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS PINSON and CRISTI PINSON,
Individually and as Husband and Wife                                    PLAINTIFFS

v.                                    Case No. 2:12-CV-02160

45 DEVELOPMENT, LLC; CITI TRENDS, INC.;
CITI TRENDS, INC., d/b/a CITITRENDS; and
BRANDRITE SIGN COMPANY, INC.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs Curtis and Christy Pinson's ("the Pinsons") motion for judgment on the pleadings (Doc. 162) and Defendant Citi Trends, Inc.'s ("Citi Trends") response (Doc. 165), the Pinsons' motion to amend the complaint (Doc. 186), and the Pinsons' eight separate motions for partial summary judgment (Docs. 181, 187, 202, 208, 205, 217, 228, and 231).

## I.        Judgment on the Pleadings

The Pinsons move for judgment on the pleadings against Citi Trends pursuant to Federal Rule of Procedure 12(c).  In their motion, the Pinsons request entry of judgment in their favor regarding Citi Trends's "use of the affirmative defense that either Curtis Pinson or his employer, Anchor Sign Company, were independent contractors because Citi Trends has not affirmatively plead [sic] in any of its answers to the complaint(s) that it wished to avail itself to [sic] that defense." (Doc. 162, p. 2).

The Pinsons are essentially asking the Court either to strike Citi Trends' independent-contractor defense to the extent the defense was properly asserted, or to find that Citi Trends failed to specifically assert this defense in its answer and now should be precluded from asserting the

defense at trial.  Either way, the Pinsons' requests are not properly addressed through a Rule 12(c) motion for judgment on the pleadings.

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002).  The "judgment" sought in the Pinsons' motion addresses the relevance and applicability of an affirmative defense and will not resolve any of the Pinsons' legal claims.  Accordingly, the motion is inappropriate and will be DENIED on this basis.

Additionally and alternatively, even if the Pinsons' motion had been framed properly as a motion to strike or to preclude Citi Trends's use of the independent-contractor defense at trial, this motion would also be denied.  The Pinsons argue that Citi Trends should not be permitted to assert the independent-contractor defense at trial because Citi Trends failed to specifically plead this defense in its answer to the amended complaint.  "Generally, failure to plead an affirmative defense results in a waiver of that defense." *First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 622 (8th Cir. 2007).  According to the Supreme Court, the pleading requirements of Rule 8(c) requires a party asserting an affirmative defense to provide notice of that defense to the opposing party in order to provide that party a sufficient opportunity to rebut the defense.  *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971).  However, the Eighth Circuit has "eschewed a literal interpretation of the Rule that places form over substance, and instead ha[s] held that when an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply with Rule 8(c) is not fatal." *Id.* (internal quotations and citations omitted).

Permitting Citi Trends to assert this affirmative defense at trial will not, as the Pinsons

contend, result in unfair surprise or prejudice, as the Pinsons have already anticipated this defense in their trial preparations and have thoroughly considered its merits, as evidenced in the Pinsons' motion for judgment on the pleadings, discussed above, and in their sixth motion for partial summary judgment (Doc. 217), which contains a detailed analysis of the merits of this defense.  Therefore, the Court will not strike or preclude the applicability of this defense at this time.

## II.    Motion to Amend Complaint

The Pinsons' motion to amend the complaint for a fifth time (Doc. 186) was filed on August 18, 2013.[1]  The final scheduling order in this case provides that "[l]eave to add parties or amend pleadings must be sought no later than **May 10, 2013**."  (Doc. 54).  Though the Pinsons' motion to amend was filed three months after the deadline clearly set forth in the Court's scheduling order, the motion failed to explain why it was filed out of time.

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given by the court when justice so requires.  The Pinsons contend that amendment is needed in order to "focus" the complaint, "revise it to reflect newly discovered facts," and "narrow down and eliminate certain issues."  None of these reasons are sufficient to justify amendment of the complaint at this late date, now that discovery has closed and the Court's deadline for amendment has passed.  The motion to amend is therefore DENIED.

## III.    Multiple Motions for Partial Summary Judgment

The Pinsons have filed eight separate motions for partial summary judgment.  There can be no other explanation for filing these motions separately, one after the other over a period of ten days,

---

[1] In total, the Pinsons have amended their complaint four times during the course of this litigation, twice as a matter of right and twice with leave of the Court.

-3-

than to cause intentional burden, prejudice, and vexation to the responding Defendants.  All the arguments that the Pinsons have made in these eight separate motions could have been asserted in a single motion, which would have required a single response by each Defendant.  Instead, the motions now require separate responses, varying response deadlines, and the consumption of the Court's valuable resources in tracking dozens of separate filings.  This "motion-splitting" by the Pinsons does not technically violate Local Rules 7.2 or 56.1, which require each motion and accompanying brief to be "short and concise," but the Court does find that the Pinsons' tactics violate the spirit of the Local Rules by presenting separate motions—along with separate, lengthy briefs and multiple attachments—when all of these issues could and should have been brought in the form of a single motion that was properly "short and concise."

Federal Rule of Civil Procedure 56(a) states that a party may file a motion for summary judgment or partial summary judgment prior to trial to resolve claims or defenses for which no genuine dispute of material fact exists.  The Pinsons' eight motions for partial summary judgment each address a discrete issue of law that they claim the Court may resolve prior to trial, due to the alleged lack of undisputed facts associated with each issue.  Without resolving any of these motions on the merits, the Court observes that they concern the following subjects: (1) the first motion for partial summary judgment (Doc. 181) asks the Court to determine as a matter of law that Mr. Pinson was an invitee of Defendant 45 Development, LLC; (2) the second motion (187) asks the Court to find that Defendants were subject to OSHA regulations and had the duty to comply with these regulations at the time of Mr. Pinson's injury; (3) the third motion (Doc. 202) asks the Court to deny Defendants the use of the assumption-of-the-risk defense; (4) the fourth motion (Doc. 208) asks that the Court find as a matter of law that Mr. Pinson's injuries were foreseeable; (5) the fifth motion

(Doc. 205) asks the Court to deny Defendants the use of the comparative-fault defense; (6) the sixth motion (Doc. 217) asks the Court to find that Mr. Pinson was not an independent contractor; (7) the seventh motion (Doc. 228) asks the Court to find that Mr. Pinson was not a trespasser to the property in which he was injured; (8) and the eighth motion (Doc. 231) seeks to establish that Defendants still owed a duty of care to Mr. Pinson even if the danger he was exposed to was "open and obvious."

The Court finds that the Pinsons' filing of eight separate motions for partial summary judgment creates an unnecessary and onerous burden for Defendants in responding and for the Court in managing this litigation and resolving these motions prior to trial.  The Court is within its discretion to prevent potential abuse by litigants "by establishing summary procedures to weed out frivolous or simply repetitive motions." *Knox v. Southwest Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997).  Therefore, all motions are DENIED without prejudice to the Pinsons' ability to refile them as follows:

First, the Pinsons are directed to carefully consider the arguments made in these eight motions for partial summary judgment and consolidate them into a single motion for partial summary judgment containing all claims and issues that may be resolved as a matter of law and to which no genuine dispute of material fact exists.

Next, a single brief in support of this consolidated motion and a single, comprehensive statement of undisputed facts must be filed in compliance with the Local Rules.  Lest the Pinsons be tempted to cut and paste their eight original motions into one lengthy motion or their eight supporting briefs into one, massive, hundred-page brief, the Court cautions that Local Rule 7.2 requires that a brief accompanying a motion consist "of a concise statement of relevant facts and applicable law," and Local Rule 56.1 requires that a statement of undisputed material facts annexed

to a motion for summary judgment be "short and concise."  Accordingly, any consolidated motion for partial summary judgment, brief in support, and accompanying statement of facts that are filed in this Court as per this order must comply with the Local Rules or risk summary dismissal.

Finally, if the Pinsons wish to file the consolidated motion herein described, such motion must be filed no later than Wednesday, August 28, 2013, in order to be considered by the Court. Any Defendant wishing to file a response to this consolidated motion for partial summary judgment must do so no later than Monday, September 9, 2013.  The Pinsons will be permitted to file a reply to any response that is submitted but must do so no later than Monday, September 16, 2013.

## IV.    Conclusion

IT IS ORDERED that Plaintiffs' motion for judgment on the pleadings (Doc. 162) and motion to amend the complaint (Doc. 186) are DENIED.

IT IS FURTHER ORDERED that Plaintiffs' eight separate motions for partial summary judgment (Docs. 181, 187, 202, 208, 205, 217, 228, and 231) are DENIED without prejudice to the Pinsons' ability to refile them in compliance with the Local Rules and in accordance with this order. The Court directs that the eight motions for partial summary judgment be consolidated into a single motion for partial summary judgment, along with a single brief in support and a single statement of undisputed facts, all of which must be filed with the Court no later than **Wednesday, August 28, 2013**.  Any Defendant wishing to file a response to this consolidated motion for partial summary judgment, if and when such is filed, must do so no later than **Monday, September 9, 2013**. Plaintiffs may file a reply to any response that is submitted no later than **Monday, September 16, 2013.**

IT IS SO ORDERED this 23rd day of August, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE