IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS PINSON and CRISTI PINSON,
Individually and as Husband and Wife                                                      PLAINTIFFS

v.                                    Case No. 2:12-CV-02160

45 DEVELOPMENT, LLC; CITI TRENDS, INC.;
CITI TRENDS, INC., d/b/a CITITRENDS; and
BRANDRITE SIGN COMPANY, INC.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Wausau Underwriters Insurance Company's ("Wausau") motion to intervene (Doc. 171), Plaintiffs Curtis and Cristi Pinson's ("the Pinsons") response in opposition (Doc. 175) and brief in support (Doc. 176), and Wausau's reply (Doc. 234). For the reasons described herein, Wausau's motion to intervene is DENIED.

Wausau was the workers' compensation carrier for Mr. Pinson's employer, Anchor Sign, Inc., at the time of the accident that is the subject of the instant lawsuit. Wausau claims that Mr. Pinson, a Texas resident, filed a claim for workers' compensation benefits in Texas related to the injuries he sustained in Arkansas, and Wausau paid Mr. Pinson $314,162 in benefits pursuant to the Texas Workers' Compensation Act. Wausau now moves to intervene in this action to assert its subrogation rights to any damages that the Pinsons may potentially recover.

**I.     Legal Standard**

Federal Rule of Civil Procedure 24(a) states that a court *must* permit intervention by a party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

ability to protect its interest, unless existing parties adequately represent that interest." A party seeking mandatory intervention must satisfy all three of Rule 24(a)'s conditions in order to prevail. *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). The three prerequisites to mandatory intervention are: (1) a recognized interest in the subject matter of the litigation, (2) possible impairment of that interest if the case is resolved without the intervenor's presence, and (3) a showing that the intervenor's interest cannot be adequately protected by the existing parties. *Id.*

Even if the Court assumes for the sake of argument that Wausau has a recognized interest in the subject matter of the litigation,[1] it is clear that Wausau has failed to establish the second prerequisite for mandatory intervention: that it will be impaired from pursuing a claim for subrogation against Mr. Pinson in a separate or subsequent legal action if Wausau is not allowed to intervene in the case at bar. Assuming the Pinsons prevail in the instant action and, further, that they collect damages that exceed the amount needed to wholly compensate Mr. Pinson for his injuries, Wausau will face no impediment to filing a lawsuit to enforce its subrogation rights after the fact. Accordingly, intervention as of right is not warranted.

---

[1] Whether this is true or not would depend on the application of choice-of-law principles, which the Court declines to address at this time because it finds mandatory intervention to be impermissible due to other reasons. An unresolved question of law exists as to whether Texas law or Arkansas law would apply to Wausau's potential subrogation claim. If Texas law applied, it is possible that Wausau would have a ripe claim for subrogation now and could potentially intervene in this lawsuit. However, if Arkansas law applied, Wausau would not be entitled to seek subrogation until *after* it obtained a legal determination that Mr. Pinson had been made whole. *Riley v. State Farm Mut. Auto. Ins. Co.*, 2011 Ark. 256, *12 (2011). This would mean that Wausau would not have standing to pursue a subrogation claim in the instant action, even in a bifurcated proceeding. *See Eastwood v. Southern Farm Bureau Cas. Ins. Co.*, 2013 WL 2455950, *2 (W.D. Ark. June 5, 2013)("[A]n insurance company seeking subrogation [under Arkansas law] is required to secure either a legal determination by a court that the insured was made whole or an agreement with the insured that he was made whole *prior to* collecting subrogation.").

As for Wausau's entitlement to permissive intervention, Rule 24(b) provides that a court *may*, on timely motion, permit a party to intervene if that party "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion regarding whether to permit intervention in such a circumstance, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A court's decision on allowing permissive intervention will only be reversed for a clear abuse of discretion. *South Dakota*, 317 F.3d at 787. Further, such reversal is "extremely rare, bordering on nonexistent," since the district court is afforded "great deference" in making such a determination. *Id*.

After considering Wausau's motion and the Pinsons' response, the Court finds that permissive intervention is not justified. Wausau's motion to intervene is untimely, having been filed on August 8, 2013, just six days prior to the close of discovery. Correspondence between the parties proves that Wausau received notice regarding this lawsuit as early as April 16, 2013, if not sooner, yet Wausau readily admits that it did not seek to intervene in this matter until four months after it received notice. *See* Docs. 176-1 & 176-2. Moreover, although Wausau insists that allowing it to intervene "will not affect any of the claims or defenses to be tried," the Court disagrees. Wausau's appearance in this litigation after the close of discovery and on the eve of trial would certainly prompt one or more of the parties—with good cause—to seek a continuance of the trial date and/or an additional period of discovery to explore Wausau's claims more fully. This lawsuit was filed more than a year ago, on July 19, 2012. The Court finds that delaying trial of this matter further would unduly delay or prejudice the adjudication of the original parties' rights, and for this reason as well as the others articulated above, Wausau's motion to intervene is DENIED.

IT IS SO ORDERED this 27th day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE